UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY B. MALLGREN,

Plaintiff,

-against-

UNITED STATES VERIZON NEW YORK INC.,

Defendant.

26-CV-08559 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

In an order dated May 4, 2016, the court barred Plaintiff from filing any new civil actions in this court *in forma pauperis* ("IFP") without first obtaining leave to file. *Mallgren v. United States*, No. 14-CV-1420 (LAP) (S.D.N.Y. May 4, 2016). The court issued that filing injunction because of Plaintiff's history of vexatious litigation. *Mallgren*, No. 14-CV-1420 (S.D.N.Y. Nov. 24, 2015).

Plaintiff submits this new civil action and has not paid the fees or filed an IFP application, and the Court understands that he seeks to proceed IFP. In the complaint, Plaintiff states:

> [T]the New York financial system is trying to use the convenience assumed as evidence of ethical superiority, though after going through multiple institutions trying to reconcile a massive amount of fraud, it seems they (specific JP Morgan Chase) have seemingly resorted to trying to refuse transactions, as to have the account which they informed the Treasury Department to deposit to close, and therefore dislodge the payment, presumably to try to compel some sort of acknowledgement that their prostitutive nature holds some weight in reality, which it is thought, or at least hoped, the federal court already knows not to be true.

(ECF 1 at 3.)

Attached to the pleading is an administrative complaint that Plaintiff filed with the United States Federal Trade Commission against Verizon. (*Id.* at 2-3.) There are other allegations in the

complaint, but Plaintiff fails to assert facts suggesting that he can plausibly state a claim for relief. The Court concludes that this action is not a departure from Plaintiff's pattern of nonmeritorious litigation.

Because Plaintiff has not shown good cause why he should be permitted to file this action, the Court denies him leave to file this action, and also denies him leave to proceed in this action IFP.

Plaintiff remains subject to the filing injunction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this case.

SO ORDERED.

Dated: October 7, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge